**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KM ENTERPRISES, INC., d/b/a EMTRAC SYSTEMS, | Case No.: 12-257-MJR-SCW |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| GLOBAL TRAFFIC TECHNOLOGIES, INC.; and GLOBAL TRAFFIC TECHNOLOGIES, LLC, | |
| Defendants. | |

It is hereby stipulated and agreed by and between Plaintiff KM Enterprises, Inc., d/b/a Emtrac Systems, and Defendants Global Traffic Technologies, Inc. and Global Traffic Technologies, LLC through their undersigned attorneys that the parties will engage in the following procedures for the purpose of preventing Protected Material from being disclosed or used for any purpose other than the conduct of this lawsuit:

### 1. DEFINITIONS

As used in this Protective Order, these terms are defined as follows:

(a) This "Action" means the above-captioned case.

(b) "Outside Counsel" or "Outside Attorneys" means outside counsel who are members of or employed by a law firm engaged to represent a party to this lawsuit, as well as their staff assigned to and necessary to assist such attorneys in the preparation and trial of this Action.

(c) "Document(s)" means all materials within the scope of Fed. R. Civ. P. 34, including interrogatory responses, other discovery responses, transcripts, or produced

documents, records, or tangible things.

(d) "Discovery Material(s)" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or prosecution of this Action.

(e) "Protected Material(s)" means any Discovery Material, that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as provided for in this Protective Order. Protected Material shall not include: (i) any information that at the time of its disclosure is in the public domain or public knowledge by reason of prior publication or otherwise; (ii) any information that after its disclosure in this Action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission, or fault of the Receiving Party; (iii) advertising materials that have been actually published or publicly disseminated; and (iv) materials that show on their face they have been disseminated to the public.

(f) "Source Code" means computer code, program instructions, formulas or algorithms designed to be compiled, interpreted, or assembled into object code or executable programs.

(g) "Designating Party" means the person or entity identifying Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and includes persons or entities that are not parties to this Action.

(h) "Receiving Party" means any party who receives Discovery Material from a Designating Party.

(i) "Written Assurance" means executing a copy of the "Written Assurance of

Compliance With Protective Order" ("Exhibit A").

(j) "Defendants" means Global Traffic Technologies, Inc. and Global Traffic Technologies, LLC.

(k) "Plaintiff" means KM Enterprises, Inc., d/b/a Emtrac Systems.

## 2. AVAILABLE DESIGNATIONS

Protected Material may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," by marking on the thing, or on the tangible medium, if in electronic form, or on each page if in paper form or scanned-document form.

## 3. PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Designating Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary and/or commercially sensitive information. Discovery Material designated as "CONFIDENTIAL" may include any information that a person or entity disclosing such material, including third persons or entities that are not party to this Action, in good faith contends to be of a proprietary business or technical nature, including trade secrets or other confidential research, development or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G).

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

(i) The Court and its officers;

(ii) Outside Counsel for the party receiving the Discovery Material designated as "CONFIDENTIAL";

(iii) Persons shown on the face of the Discovery Material as having authored or received it;

(iv) Persons retained by a party or its attorneys to furnish technical or expert services, whether testifying or not, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(v) Persons retained by a party or its attorneys to provide assistance as mock jurors or focus group members, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(vi) Third parties engaged by counsel for the purpose of assisting in the copying, imaging, or coding of Discovery Materials, provided that the Discovery Materials are kept in a safe and secure place by the third party, and that the third party is not a competitor to any of the parties in this Action or the Designating Party;

(vii) Doug Roberts of Global Traffic Technologies, LLC and Rodney "Kris" Morgan. In addition, Defendants and Plaintiff may each designate one additional person at a later date. Persons designated under this Paragraph should each receive information only in connection with analyzing or providing input on matters relating to this Action. Defendants and Plaintiff may designate such additional person pursuant to this Paragraph, 3(b)(vii), by identifying such individual to the other parties in writing. Should another party object to the designation of such additional person, the objecting party shall notify the designating party of such objection, in writing, and within five (5) days of the designation. The objecting party shall have the burden to prove why such additional person should not receive information according to the provisions set forth in this Paragraph, 3(b)(vii).

(viii) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(ix) Graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; and

(x) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

### 4. PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(a) A Designating Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects any information, unless the information is public information, that a person or entity disclosing such material, including third persons or entities that are not party to this Action, in good faith reasonably believes the disclosure of which would cause harm to the competitive position of the Designating Party. Examples of "CONFIDENTIAL – OUTSIDE–ATTORNEYS' EYES ONLY" information include, but are not limited to:

(i) Current and future business plans, including business development, sales, and financial and pricing information, strategic plans, and competitive analyses or plans.

(ii) Product development, design, and manufacturing information, and specifications for current or future products;

(iii) Customer, potential customer and distributor lists;

(iv) Negotiations, agreements and licenses, whether with employees of the Designating Party or third parties; or

(v) Pending, unpublished patent applications; and

(vi) Other information that could provide competitive advantage if disclosed to the other party.

  (b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

  (i) The Court and its officers;

  (ii) Outside Counsel for the party receiving the Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY";

  (iii) Persons shown on the face of the Discovery Material as having authored or received it;

  (iv) Persons retained by a party or its attorneys to furnish technical or expert services, whether testifying or not, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

  (v) Persons retained by a party or its attorneys to provide assistance as mock jurors or focus group members, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

  (vi) Third parties engaged by counsel for the purpose of assisting in the copying, imaging, or coding of Discovery Materials, provided that the Discovery Materials are kept in a safe and secure place by the third party, and that the third party is not a competitor to any of the parties to this Action or the Designating Party;

  (vii) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

  (viii) Graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; and

(ix) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

### 5. SOURCE CODE

The Parties do not agree on the issue of whether Source Code should be produced in this Action at this time. The Parties do not waive any arguments regarding the relevance or discoverability of Source Code. The Parties reserve their rights to seek further protections beyond those provided in this Protective Order in the event that Source Code becomes the subject of discovery.

### 6. RESTRICTION ON USE OF PROTECTED MATERIAL

Protected Materials may be used solely for the purposes of this Action. Prohibited uses of Protected Materials, include, but are not limited to, competitive purposes or the prosecution or acquisition of intellectual property rights, and no person receiving such Protected Materials shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Protected Materials to any person other than those specified in Paragraphs 3(b)(i)–(x) and 4(b)(i)–(ix) of this Protective Order.

### 7. LIMITATION ON RESTRICTIONS

Nothing herein shall restrict Defendants or Plaintiff from disclosing its own Protected Materials to another individual, party, or entity. Nothing herein shall restrict a party from disclosing a Designating Party's Protected Materials to the Designating Party or Designating Party's own officers or employees or any person no longer affiliated with the Designating Party, who either authored, in whole or in part, or received the Protected Materials prior to the initiation of this Action (e.g., Defendants may show Protected Materials designated by Plaintiff to Plaintiff

and its employees during depositions and at trial; likewise, Plaintiff may show Protected Materials designated by Defendants to Defendants and their employees during depositions and at trial).

### 8. THIRD-PARTY DISCOVERY

Third parties producing Discovery Material may designate Discovery Material as being Protected Materials, subject to the same constraints as the parties in this Action. A copy of this Protective Order shall be served with any subpoena served in connection with this Action. All Discovery Material produced by third parties shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for a period of fourteen (14) days from the date of their production, and during that time any party, including the third-party producer, may designate the produced Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

### 9. WRITTEN ASSURANCE

(a) Each person to whom Protected Materials are disclosed under Paragraphs 3(b)(iv), (v), (ix) or 4(b)(iv), (v), (viii) of this Protective Order shall execute a "Written Assurance" in the form attached as Exhibit A.

(b) Counsel for the party or non-party that has produced such Protected Materials shall be notified at least ten (10) business days prior to any intended disclosure of such Protected Materials to any person designated pursuant to Paragraphs 3(b)(iv) and 4(b)(iv) of this Protective Order. Such notice to counsel shall provide a sufficient description of the person to whom disclosure is sought to permit objection to said disclosure. If a party or non-party objects in writing to such disclosure within ten (10) business days after receipt of notice, no disclosure of any such Protected Materials shall be made until the party seeking disclosure obtains the prior

approval of the Court or the objecting party or non-party. In such a case of objection to disclosure, the parties and any non-parties will confer and in good faith attempt to reach agreement. If the requested disclosure is not ultimately agreed to, the party seeking to disclose such Protected Materials may contact the Court in order to set a hearing regarding appropriate relief, providing notice to any non-party whose designation of documents or information as Protected Materials may be affected. The party or non-party objecting to the disclosure of such Protected Materials to a person designated pursuant to Paragraphs 3(b)(iv) and 4(b)(iv) of this Protective Order shall have the burden of proving that such Protected Materials warrant protection from disclosure to said designated person. Under such circumstances, no disclosure will occur until the Court has resolved the dispute.

### 10. PATENT PROSECUTION BAR

No person who received documents or information that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraphs 3(b)(ii), (iv), and (vii) or 4(b)(ii) and (iv) of this Protective Order shall prepare, prosecute, or assist in the preparation or prosecution of (i) any patent application claiming any traffic signal preemption system for one year from the conclusion of this Action by a final, non-appealable judgment or settlement, provided, however, any such application remains subject to Paragraph 6 of this Protective Order prohibiting the use of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" information in the prosecution or acquisition of intellectual property rights, or (ii) any patent application that is a continuation, divisional, or re-examination of the patent-in-suit pursuant to Cause no. 10-4110 in the United States District Court for the District of Minnesota. Such a bar does not prevent Outside Counsel who have received Protected Material from advising counsel prosecuting any reexamination or

reissue of a patent-in-suit initiated by, or for the benefit of, or on behalf of an opposing party in this case before the U.S. Patent and Trademark Office or foreign agencies, and proceedings. Such Outside Counsel's participation in reexamination or reissue proceedings is expressly conditioned on his/her/its legal obligation, established by Order of the Court, not to use in any way an opposing party's Protected Material to draft new claims, or to amend previously existing claims through the reexamination or reissue process as articulated in *In re Deutsche Bank*, 605 F.3d 1373 (Fed.Cir. 2010). Notwithstanding the foregoing, this patent prosecution bar shall not apply to individuals who have only received documents designated "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" that the parties agree in writing contain information of a purely financial and/or sales nature or documents and/or materials disclosed pursuant to Federal Rules of Evidence 408.

## 11. DEPOSITIONS AND TESTIMONY

All depositions or portions of depositions or other testimony taken in this Action that contain Protected Materials may be designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded to such Protected Materials. A deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" either on the record or by written notice to the other party within thirty (30) days of the first receipt of the transcript. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," until the time within which it may be appropriately designated as provided for herein has passed. The deposition of any witness (or any portion of such deposition) at which Protected Material is discussed shall be taken only in the presence of persons qualified to have access to such information.

## 12.     INADVERTENT MISDESIGNATION

Any party who inadvertently fails to designate or misdesignates Discovery Material as Protected Material shall have fourteen (14) days from the discovery of its error to correct the failure or misdesignation. Such error shall be corrected by providing written notice of the error and producing substituted copies of the misdesignated Discovery Materials. Any party receiving such misdesignated Discovery Materials shall make reasonable efforts to retrieve Discovery Materials distributed to persons not entitled to receive Discovery Materials with the correct designation.

## 13.     INADVERTENT DISCLOSURE

Any party who inadvertently discloses Discovery Materials shall immediately advise the recipient and request that the Discovery Materials, and all copies thereof, be returned to the Designating Party or destroyed. The recipient shall return or destroy such inadvertently disclosed Protected Materials, including all copies, within ten (10) days of receiving such a written request, and shall, upon request, certify that all inadvertently disclosed Discovery Materials have been returned or destroyed. The party returning or destroying inadvertently produced Discovery Materials may thereafter seek re-production of any such Discovery Materials pursuant to applicable law, but may not assert waiver of privilege based on the inadvertent production.

## 14.     DISPUTES OVER DESIGNATION

(a)     Any party may request a change in the designation of any Discovery Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by notifying the Designating Party, and they shall meet and confer in an attempt to resolve the request. Any Discovery Material subject to a change request shall be treated as originally designated until the change is completed. If the requested change in designation is not

agreed to, the party seeking the change may request a hearing with the Court for appropriate relief within fifteen (15) days of its notice challenging the designation, providing notice to any third party whose designation of produced Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in this Action may be affected. The party asserting that the Discovery Materials are "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

(b) With respect to all Discovery Materials provided for inspection by a party's counsel of record, designation need not be made until copies of the Discovery Materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all Discovery Materials provided for inspection by a party's counsel shall be treated as though designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" from the time of the inspection until otherwise designated pursuant to this Protective Order or until produced without a designation.

### 15. NO WAIVER

No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position regarding the discoverability or admissibility of evidence. Inadvertent production of Discovery Materials or other electronically stored information subject to work-product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege, provided that the Designating Party notifies the Receiving Party in writing of such inadvertent production immediately upon learning of the same. The length of time between disclosure and discovery of

such inadvertent production shall not be the basis for any claim of waiver of any such privilege. Such inadvertently produced Discovery Materials, and all copies thereof, shall be returned to the Designating Party or destroyed pursuant to Paragraph 13 of this Protective Order. The party returning or destroying inadvertently produced Discovery Materials may thereafter seek re-production of any such Protected Materials pursuant to applicable law, but may not assert waiver of privilege based on the inadvertent production.

### 16.  FILING OF DOCUMENTS CONTAINING PROTECTED MATERIAL

In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document(s) or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document(s) or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document(s) or information can be filed under seal. *See Citizens First Nat'l Bank v Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras*, 585 F.3d 1061, 1073–76 (7th Cir. 2009). Any document(s) or information filed under seal without prior Court approval will be unsealed and become part of the public record. Pending the Court's determination of the motion to seal, the party may file a redacted version of the document(s) or information in the public files, which shall serve to comply with any deadline obligations for filing the document(s) or information at issue.

### 17.  USE OF PROTECTED MATERIAL AT TRIAL

This Order is restricted to the discovery phase of this case. Reasonable notice of intention to use, refer to or disclose Protected Material in Court shall be given to the party who disclosed

the material, any opposing party and the Court. The Court may place safeguards as it seed fit to guard against disclosure of Protected Material.

### 18.     END OF ACTION

Within sixty (60) days of the termination of this Action, including any appeals, each Receiving Party shall either destroy or return to the Designating Party all Protected Materials designated by the Receiving Party, and all copies of such documents. Each Receiving Party shall provide a certification as to the return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all Discovery Materials filed with the Court and all correspondence generated in connection with this Action.

### 19.     NO FORECLOSURE OF MODIFICATION OR ADDITIONAL PROTECTIONS OR RELIEF

Nothing in this Protective Order shall foreclose or limit any party from seeking additional protections for any Discovery Materials, or to seek relief from the provisions of this Protective Order.

### 20.     SURVIVAL OF PROTECTIVE ORDER

The obligations imposed by this Protective Order shall survive the termination of this Action.

**SO ORDERED:**

Dated: August 22, 2012

                                              /s/ *Stephen C. Williams*
                                              UNITED STATES MAGISTRATE JUDGE

**Respectfully submitted by:**

Dated: June 20, 2012                    JANA YOCOM, PC

  /s/ Jana Yocom
Jana Yocom, ARDC# 6193677
   *jana.yocom@gmail.com*
320 S. 11th, Suite 1
Mt. Vernon, IL 62864
Telephone: (618) 731-1944
Facsimile: (618) 242-4808

**ATTORNEYS FOR PLAINTIFF
KM ENTERPRISES, INC.**

Dated: June 20, 2012                    FAEGRE BAKER DANIELS LLP

  /s/ Emily E. Chow
 Richard A. Duncan, MN# 192983
*(admitted pro hac vice)*
   *richard.duncan@faegrebd.com*
Emily E. Chow, MN# 0388239
*(admitted pro hac vice)*
   *emily.chow@faegrebd.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

and

POLSINELLI SHUGHART PC
Keith J. Grady, ARDC# 46757
   *kgrady@polsinelli.com*
Graham L. Day, ARDC# 6273829
   *gday@polsinelli.com*
Mark B. Grebel, ARDC# 6295050
   *mgrebel@polsinelli.com*
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
**ATTORNEYS FOR DEFENDANTS
GLOBAL TRAFFIC TECHNOLOGIES, INC. &
GLOBAL TRAFFIC TECHNOLOGIES, LLC**

**EXHIBIT A**

**WRITTEN ASSURANCE OF COMPLIANCE
WITH PROTECTIVE ORDER**

_____ declares that:

(1) I reside at _____ in the city of _____, county _____, state of_____.

(2) I am currently employed by _____ located at _____. My current job title is _____ .

(3) I have read and believe I understand the terms of the Protective Order filed in Case No. 12-257-MJR-SCW, pending in the U.S. District Court for the Southern District of Illinois. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

(4) I will not divulge any Discovery Materials, or copies of Discovery Materials, designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" obtained pursuant to the Protective Order, or the contents of such Discovery Materials, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Discovery Materials except for the purposes of this Action and pursuant to the terms of the Protective Order.

(5) As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any Discovery Materials in my possession designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Discovery Materials.

(6)	I submit myself to the jurisdiction of the U.S. District Court for the Southern District of Illinois for purposes relating to the Protective Order, including any enforcement taken pursuant to the Protective Order.

(7)	I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____       _____
                                                               (Signature)